UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA A. DUCH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

File No. 1:14-CV-441

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income benefits under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The matter shall be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) because the ALJ's opinion falls short of satisfying the procedural requirement of providing "good reasons" for the weight given to the opinions of a treating physician.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard*

*v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff applied for benefits on March 1, 2011, for disabilities with an alleged onset date of May 1, 2010. (Admin. Tr., Page ID# 55, ECF No. 10.) She was initially denied on June 22, 2011, after which time she requested a hearing before an Administrative Law Judge (ALJ). (*Id.*) On

October 16, 2012, Plaintiff appeared before ALJ Michael S. Condon with testimony being offered by Plaintiff and a vocational expert. (*Id.*) In a written decision dated December 7, 2012, the ALJ determined that Plaintiff had not been under a disability. (Tr. 56) The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (Page ID# 33.) Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears

3

the burden of proof).

The ALJ determined that Plaintiff suffers from (1) degenerative disc disease of the cervical spine status-post two neck surgeries, (2) cervical post-laminectomy syndrome with brachial neuritis, (3) depressive disorder, and (4) anxiety, which failed to qualify as impairments, or failed to satisfy the requirements of impairments identified in the Listing of Impairments detailed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Page ID# 57-58.) The ALJ next determined that Plaintiff retained capacity to perform limited to simple unskilled work subject to the following limitations: she can lift and carry up to 10 pounds; she can sit for up to 6 hours and stand/walk for up to 2 hours in an 8-hour workday with sit/stand options; she can occasionally climb ramps and stairs, but not climb ladders, ropes, or scaffolds; she can never kneel or crawl; she can frequently balance, stoop, and crouch; she cannot operate power or vibratory tools; and she can perform work involving no contact with the general public and only occasional contact with co-workers and supervisors. (Page ID# 29.)

The ALJ found that Plaintiff cannot perform her past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health & Human Servs.*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can

perform, her limitations not withstanding. Such was the case here.

The vocational expert testified that there existed approximately 14,000 jobs which an individual with Plaintiff's RFC could perform. (Page ID# 36.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. March 1, 2006). The ALJ concluded that Plaintiff was not entitled to disability benefits.

## I. The ALJ's Consideration of Other Source Opinion of Treating Nurse Practitioner Joan VanSolkema

Plaintiff argues that the Commissioner committed reversible error under Social Security Rule 06-3p by failing to properly weigh the other source opinion evidence offered by treating Nurse Practitioner Joan VanSolkema. Plaintiff's arguments, however, overstate the requirements on the ALJ. "[T]here is a requirement to consider all relevant evidence in an individual's case record," but "there is a distinction between what an adjudicator must consider and what the adjudicator must explain in the disability determination or decision." *Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06–3p (reprinted at 2006 WL 2329939, at * 6 (SSA Aug. 9, 2006)). While "the adjudicator generally should explain the weight given to opinions from these 'other sources,'" *id.*, even if the ALJ does not mention other source opinions, it does not provide a basis for disturbing the Commissioner's decision. *See Daniels v. Comm'r of Soc. Sec.*, 152 F. App'x 485, 489 (6th Cir. 2005). Although the ALJ did not expressly refer to the opinions of NP VanSolkema, that does not mean that the ALJ did not review the information submitted. The ALJ stated that he considered all opinion evidence in

5

accordance with SSR 06-3p. (Page ID# 60.) Thus, the ALJ's decision is not erroneous.

## II. The ALJ's Consideration of Medical Opinion Evidence of Dr. Basch

Plaintiff argues that the ALJ erroneously rejected the opinion of her treating pain specialist, Dr. Basch. Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Comm'r*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Comm'r*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.927(c)(2).

Even when a treating source's medical opinion is not given controlling weight, it should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See* 20 C.F.R. § 416.927(c); *Martin v. Comm'r*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Comm'r*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 661 F.3d 931, 937-38 (6th Cir. 2011); *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems

them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see also Gayheart v. Comm'r*, 710 F.3d 365, 376 (6th Cir. 2013).

On February 14, 2012, Plaintiff met with Barbara Rounds of Barbara Rounds and Associates, LLC. (Page ID# 438). Ms. Rounds, an occupational therapist, recorded Plaintiff's comments, performed a physical evaluation, and completed a residual functional capacity form. Ms. Rounds offered her opinion that Plaintiff appeared to be functioning at the sedentary level of work. In addition, she offered the conclusion that Plaintiff did not appear to be capable of performing in full-time sustained employment: "If the client were required to work 40 hours per week, 8 hours per day in a competitive work environment she would most likely have serious limitations as to pace and concentration & need a sit-stand-rest option as symptoms of pain & fatigue dictate." (Page ID# 443).

On April 16, 2012, Dr. Basch signed a one-sentence form labeled as a "physical capacities assessment," prepared by Plaintiff's attorney. It stated: "I agree with the limitations of function described by Barbara Rounds OTR in her Residual Functional Capacity Evaluation dated 2/14/12 and Physical Capacities Assessment dated 2/16/12." (Page ID# 448.)

The ALJ considered the opinion of Dr. Basch and dismissed it because it was based on the assessment of Ms. Rounds. The ALJ had rejected Ms. Rounds's opinion because it "was found to be inconsistent with diagnostic findings, the claimant's good range of motion, positive response to medications and her credentials as an unacceptable medical source." (Page ID# 64.) It is the ALJ's job, not the court's, to weigh the various competing medical opinions. *See Ulman v. Comm'r*, 693 F.3d at 713; *Bass v. Mahon*, 499 F.3d at 509. The deficiency in the ALJ's opinion, however, is his failure to explain his findings in sufficient detail to satisfy the "good reasons" component of 20 C.F.R. § 416.927(c)(2). The ALJ's RFC recognizes similar limitations as those set forth by Ms.

7

Rounds and Dr. Basch, yet the ALJ does not offer a full explanation why he rejected Dr. Basch's medical opinions, which encompassed more than agreement with Ms. Rounds's assessment. "To be sure, a properly balanced analysis might allow the Commissioner to ultimately defer more to the opinions of consultative doctors than those of treating physicians." *Gayheart*, 710 F.3d at 379. However, the ALJ's opinion lacks the type of focused analysis of the treating physician's opinions necessary to survive scrutiny under the "good reasons" regulations as currently applied by the Sixth Circuit. *Id.* at 379-80. The ALJ's decision must be vacated, because he failed to provide "good reasons" for the weight he gave to the opinions of Plaintiff's treating physician.

## CONCLUSION

This matter shall be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) because the ALJ's opinion falls short of satisfying the procedural requirement of providing "good reasons" for the weight given to the opinions of a treating physician.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's decision is **VACATED** and the matter is **REMANDED** for proceedings consistent with this Court's opinion.


Dated: July 13, 2015                                    /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE